IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOSHUA TEAL, #305 729, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:20-CV-93-WKW |
| ) | [WO] |
| RUSSELL COUNTY CIRCUIT COURT, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff Joshua Teal ["Teal"] is an inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama. He brings this *pro se* 42 U.S.C. § 1983 action against the Russell County Circuit Court, the Russell County District Attorney's Office, the Phenix City Police Department, and Judge David Johnson. Teal alleges that he was arrested, indicted, convicted, and sentenced under the wrong social security number and that the evidence used to convict him of first degree domestic violence was insufficient. Teal seeks damages and requests "[his] charges [be] drop[p]ed," that he be released from imprisonment, and all records regarding his criminal charges be expunged. Doc. 1 at 2–4.

Upon review, the court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The court granted Teal's request for leave to proceed *in forma pauperis.* Doc. 9. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious,

## II.  STANDARD OF REVIEW

Because Teal is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*,

---

fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION[3]

**A.    Judge David Johnson**

   *1.    Damages*

Teal claims he was arrested, indicted, and convicted under another individual's social security number. On the day he was sentenced, Teal apprised Judge Johnson of this concern to which Judge Johnson responded "[he] d[id]n't care." Doc. 1 at 5.

Teal's claim against Judge Johnson provides no basis for relief as "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted). "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v. Clerk of Court*, 150 F. App'x 988, 990 (11th Cir. 2005) (citing *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). Thus, a state court judge is entitled to absolute immunity from damages for actions taken in his official capacity, even when his actions are allegedly erroneous or even malicious. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Wuyisa v. City of Miami Beach*, 614 F. App'x 389, 391 (11th Cir. 2015) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). Further, to the extent Teal seeks damages from the judicial defendant in his official capacity, those efforts are foreclosed by the Eleventh Amendment. While the doctrine of judicial immunity applies to claims against Judge

---

[3] Teal indicates that the events about which he complains occurred on September 6, 2016. Doc. 1 at 2. According to the website maintained by the Alabama Department of Corrections, this is the date Teal was sentenced and admitted to the custody of the ADOC. *Available at* *http://www.doc.state.al.us/InmateSearch* (last visited March 23, 2020). In *Yeager v. Binford,* Civil Action No. 1:18-cv526-WKW-SRW, *Recommendation adopted as modified*, (M.D. Ala. February 14, 2019), the court found that "[b]ecause *Heck* forecloses Plaintiff's claims, it is unnecessary to address the statute-of-limitations issue, ether as argued by Plaintiff or as analyzed by the Magistrate Judge. That is because the statute of limitations on a claim that is subject to *Heck's* bar does not start to run until the conviction or sentence is invalidated. *See Heck*, 512 U.S. at 489 (observing that a § 1983 cause of action does not accrue until the plaintiff can show that his conviction or sentence has been declared invalid)."

Johnson in his individual capacity, he is entitled to Eleventh Amendment immunity for claims asserted against him in his official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding in a damages action that neither a state nor its officials acting in their official capacities are "persons" subject to suit under section 1983).

To determine whether a judge is entitled to absolute immunity from money damages under Section 1983, *Stump* established a two-part test: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." *Simmons*, 86 F.3d at 1084–85 (citing *Stump*, 435 U.S. at 357, 362); *Jenkins,* 150 F. App'x at 990. For judicial immunity purposes, an act is done in "clear absence of all jurisdiction" if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes v. Hosemann*, 776 F.2d 942, 946–47 (11th Cir. 1985) (en banc). Judges cannot be sued for money damages for performing judicial acts, even when the acts result in unfairness and injustice to a litigant. *Mireles*, 502 U.S. 9; *Hyland v. Kolhage*, 267 F. App'x 836, 840–841 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction, he was entitled to absolute judicial immunity.").

Teal complains about actions taken by Judge Johnson in his judicial capacity, and his allegations against Judge Johnson do not compel the conclusion this defendant acted in the clear absence of jurisdiction. Accordingly, Teal's claims for monetary damages against Judge Johnson are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i-iii). *See Neitzke*, 490 U.S. at 327.

### *2. Declaratory or Injunctive Relief*

To the extent Teal seeks declaratory or injunctive relief from orders issued by Judge Johnson which have become final under state law, this court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ...

5


lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Teal from proceeding before this court as this case, regarding any claims challenging final orders issued by a state court, is " 'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (holding that federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, summary dismissal of any requests seeking declaratory or injunctive relief from final orders entered by Judge Johnson in Teal's state court criminal proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Clark*, 915 F.2d 636; *Neitzke*, 490 U.S. at 327.

**B.     Russell County Circuit Court**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The law is established that courts are not persons within the meaning of 42 U.S.C. § 1983. S*ee Moity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976).[4] Because Defendant Russell County Circuit Court is not a person for § 1983 purposes, Teal's claims against this defendant are due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.     Russell County District Attorney's Office**[5]

Teal names the Russell County District Attorney's Office as a defendant. Because this Office receives its funding from the State, it is deemed to be an agency of the State of Alabama. *Hooks v. Hitt*, 539 So.2d 157, 159 (Ala. 1988) (holding that the district attorneys and their employees are "state employees whose salaries are funded by the state") (*citing* Ala. Code § 12–7–182 (1975)); *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 790 (1997) (observing that an Alabama district attorney is a state official). Because an Alabama district attorney's office is a

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[5] Even if Teal had named the Russell County District Attorney as a defendant, the law is settled that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (holding "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (holding that in a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (holding  "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) (holding "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.").  The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986).

7


state agency, a suit filed against a state district attorney's office is akin to a suit brought against the State. The Eleventh Amendment, however, bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Teal's complaint against the Russell County District Attorney's Office is "based on an indisputably meritless legal theory," this defendant is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

**D.      Phenix City Police Department**

Teal names the Phenix City Police Department a defendant. However, this department is not a legal entity subject to suit or liability. *See Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) (holding that "[g]enerally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority."); *Clay-Brown v. City of Decatur*, 2013 WL 832315, *2 (N.D. Ala. Feb. 28, 2013 (finding that "[u]nder Alabama law, only a municipality itself has the capacity to sue and be sued, as opposed to agencies, departments or divisions of the municipality."). Thus, the court finds Teal's claims presented against the Phenix City Police Department are subject to summary dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) since this defendant is not a suable entity. *Howard v. City of Demopolis*, 984 F. Supp.2d 1245, 1253 (S.D. Ala. 2013) (noting previous determination "that police departments are not a proper legal entity capable of being sued."); *Manning v. Mason*, 2011 WL 1832539, *3 (M.D. Ala. May 13, 2011) (citations omitted) (finding "that a law enforcement department is not a legal entity capable of being sued. Accordingly, as it is not subject to suit, Plaintiffs' claims against [the] Enterprise Police Department are due to be dismissed with prejudice."); *Blunt v. Tomlinson*, 2009 WL 921093, *4 (S.D. Ala. Apr. 1, 2009) (finding that "[i]n Alabama, a city's police department is

not a suable entity or a proper party under state law or for § 1983 purposes."); *Johnson v. Andalusia Police Dept.*, 633 F. Supp.2d 1289, 1301 (M.D. Ala. 2009) (finding that Plaintiff's "claims against the Andalusia Police Department must fail because police departments are generally not considered legal entities subject to suit.").

### E.     The Challenge to Plaintiff's Conviction

To the extent Teal's claims seek to challenge the validity of the criminal convictions entered against him by the Circuit Court for Russell County, such claims may not proceed in a § 1983 action. Teal's claims go to the fundamental legality of his confinement and provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* at 481. The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate the challenged

9

action has been invalidated. 520 U.S. at 648. The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus. *Id*. at 648; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser*, 411 U.S. at 489. The *Balisok* Court "reemphasize[d] that . . . a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U.S. at 649.

Teal alleges the evidence used to convict him for first degree domestic violence was insufficient and that he was unlawfully convicted and sentenced under an incorrect social security number. Doc. 1 at 3–6. These claims represent a challenge to the constitutionality of Teal's criminal convictions. A judgment for Teal would imply the invalidity of these convictions. It is clear from the complaint that the convictions about which Teal complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on those convictions is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok*, 520 U.S. at 645-46; *Heck*, 512 U.S. at 487; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claims against the named defendants be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i-iii);

2. Plaintiff's § 1983 complaint, to the extent it challenges to the constitutionality of the convictions and/or sentences on which he is incarcerated, be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-iii).

It is

ORDERED that **on or before April 6, 2020**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered by the District Court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 23rd  day of March 2020.

    /s/    Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE